**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-2008**

———————

RONALD WATKINS, Individually; BRENDA WATKINS, Individually,

Plaintiffs - Appellants,

v.

MANUEL CASIANO, MD; FORIS SURGICAL GROUP, LLP,

Defendants – Appellees,

and

FREDERICK MEMORIAL HOSPITAL, INCORPORATED,

Party-in-Interest.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge. (1:07-cv-02419-CCB)

———————

Submitted:  December 30, 2010          Decided:  March 1, 2011

———————

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Julia A. Lodowski, Emily C. Malarkey, SALSBURY, CLEMENTS, BEKMAN, MARDER & ADKINS, LLC, Baltimore, Maryland, for Appellants.  Frederick W. Goundry, III, VARNER & GOUNDRY, Frederick, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald and Brenda Watkins appeal the district court's order denying their Fed. R. Civ. P. 59(a) motion for a new trial, after a jury verdict for the defendants in a medical malpractice action. On appeal, the Watkinses seek a new trial, claiming unfair surprise deprived them of a fair trial. They contend that Dr. Manuel Casiano's statement on the first day of trial and his subsequent testimony that he used a different surgical stapler than that referenced in the operative notes presented a new theory of defense.

We review the district court's denial of the Watkinses' motion for new trial for an abuse of discretion. Nichols v. Ashland Hosp. Corp., 251 F.3d 496, 500 (4th Cir. 2001). A district court should grant a new trial if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Knussman v. Maryland, 272 F.3d 625, 639 (4th Cir. 2001) (internal citation omitted). Rule 59 allows for a new trial in the event of unfair surprise, but surprise warrants a new trial only if "it deprives the party of a fair hearing." Twigg v. Norton Co., 894 F.2d 672, 675 (4th Cir. 1990). "The movant must show reasonably genuine surprise, which necessarily was

3

inconsistent with substantial justice and which resulted in actual prejudice." Id. (internal quotation marks and citations omitted). We have carefully reviewed the briefs and the extensive record in this case and conclude that the district court did not abuse its discretion in denying the Watkinses' motion for a new trial.

Accordingly, we affirm. We grant Appellees' motion to submit on briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4